**UNITED STATES of America,**
**Appellee,**

v.

**David Jimmy RAMOS–SOTO,**
**Defendant–Appellant.**

**No. 08–2381–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 1, 2009.

Bernard Kleinman (Joyce B. David, Law Office of Joyce B. David, on the brief), Brooklyn, NY, for Appellant.

Seth D. Ducharme (Emily Berger, of counsel), Assistant United States Attorneys, for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present: ROBERT D. SACK, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant appeals from the sentence imposed following his guilty plea to one count of illegally reentering the United States after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Defendant contends that the district court committed procedural error by denying his motion for a non-Guidelines sentence based on the potential sentencing disparity arising from the absence of a "fast track" or "early disposition" program in the Eastern District of New York. The precise contours of defendant's argument to the district court, however, are unclear from the record. As a result of this ambiguity, the district court's ruling relating to the fast-track disparity is also ambiguous.

We are therefore unable to determine whether the district court ruled that: (1) it was *not required* to issue a non-Guidelines sentence under 18 U.S.C. § 3553(a)(6) based on defendant's disparity argument, and defendant had not persuasively argued that such a sentence was appropriate; or (2) it *lacked the authority* to issue a non-Guidelines sentence under 18 U.S.C. § 3553(a). If the first potential interpretation reflects the intended meaning of the district court's ruling, such a decision would not necessarily be inconsistent with our previous holdings. *See, e.g., United States v. Mejia*, 461 F.3d 158, 162–64 (2d Cir.2006). However, the second potential interpretation of the ruling below remains the subject of an open question in this Circuit. *See United States v. Liriano–Blanco*, 510 F.3d 168, 172 (2d Cir.2007).

Accordingly, the judgment of the district court is hereby **REMANDED** in order to allow the court to clarify the basis for its denial of defendant's motion for a non-Guidelines sentence. Within ten days of a decision of the district court, the jurisdiction of this Court may be restored by a letter to the Clerk of the Court, *see United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994), in which event the renewed appeal will be assigned to this panel.